IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| Upon the Petition of<br>MARK BECICKA,<br><br>　　　Plaintiff,<br><br>v.<br><br>Sun Life Financial (U.S.) Services Company, Inc.,<br><br>　　　Defendant. | No. _____<br><br>**PETITION AT LAW** |

COMES NOW the Plaintiff and for his Petition at Law and Jury Demand states as follows:

### **PREAMBLE**

1. The Plaintiff, Mark Becicka, is an individual residing at 62 Oklahoma Ave SW, Cedar Rapids, Iowa 52404.

2. The Defendant, Sun Life Financial (U.S.) Services Company, Inc. (hereafter referred to interchangeably as "Sun Life" or "Defendant"), is a Delaware corporation with its principal place of business at 1 Sun Life Executive Park, Wellesley Hills, MA 02481. Its registered agent is C T Corporation System, 400 E Court Ave, Des Moines, Iowa 50309.

3. The Plaintiff's spouse, Leslie Becicka, was employed by F.J. Krob & Company from 1999 to 2021.

4. Leslie Becicka died on April 27, 2021.

5. During the term of Leslie Becicka's employment with F.J. Krob & Company, Leslie Becicka had certain benefits available to her including Sun Life Group Life Insurance.

6. Said Sun Life Group Life Insurance was scheduled to provide Leslie Becicka's primary beneficiary, Mark Becicka, with life insurance proceeds in the amount of $40,000 upon her death.

7. In addition to said group life insurance, Leslie Becicka also purchased a $10,000 term policy directly from Defendant.

8. Mark Becicka and F.J. Krob & Company provided the appropriate and duly executed claim forms to Defendant upon the death of Leslie Becicka.

9. On or about June 21, 2021, Defendant provided Plaintiff with a declination letter which contained an "Our Decision" section. Generally, Defendant asserted that the beneficiary of Leslie Becicka was disqualified from the receipt of life insurance proceeds due to the fact that Leslie Becicka had not worked at least 20 hours per week during the early months of 2021 prior to her death.

10. Indeed, Plaintiff acknowledges that Leslie Becicka's hours were reduced as a result of her chemotherapy, radiation and hospice care in the early months of 2021 immediately prior to her death.

11. While now denying coverage, Defendant most certainly continued to receive premium payments from F.J. Krob & Company and from Leslie Becicka by way of payroll deduction through the date of her death.

12. Defendant has acted in bad faith by receiving from F.J. Krob & Company premium payments and Leslie Becicka's premium payments and then relying on a pretense upon which to decline payment of life insurance proceeds.

13. Plaintiff asserts that Defendant has breached its contract with Leslie Becicka to the financial detriment of Plaintiff as a third-party beneficiary.

14. Plaintiff hereby asserts that Plaintiff is entitled to the aggregate sum of $50,000 of compensatory damages in regard to the group life insurance policy and the individual life insurance policy.

15. Plaintiff hereby asserts that Plaintiff is entitled to punitive damages in a reasonable amount necessary to deter Defendant from similar conduct in the future.

## COUNT I - BREACH OF INSURANCE CONTRACT

Plaintiff repleads and realleges paragraphs 1-15 of this Petition as though fully set forth herein.

16. Leslie Becicka contracted with Defendant for the purpose of purchasing life insurance policies listing Plaintiff Mark Becicka as a beneficiary.

17. The policies issued pursuant to Leslie Becicka's application therefore.

18. Leslie Becicka died on April 27, 2021.

19. The policies provided for life insurance benefits to Plaintiff in the amount of $50,000.

20. Leslie Becicka complied with all conditions of the policies.

21. Plaintiff has since given the proper proofs and complied with all other applicable conditions of the policies.

22. Defendant has not, to date, paid out the insurance benefits due to Plaintiff as beneficiary.

23. This failure to comply with its policies has caused Plaintiff financial losses.

24. As a proximate and direct result of Defendant's refusal to comply with the terms of the policies and to timely make payments to Plaintiff, Plaintiff has been

damaged in that he has been precluded from making all recoveries to which he is entitled under the terms of the policies.

25. As a result of this breach of contract by Defendant, Plaintiff was denied insurance coverage properly secured for his benefit, and he has sustained damages as a result of the breach.

WHEREFORE, the Plaintiff, Mark Becicka, respectfully requests that this Court enter a judgment in their favor and against the Defendant, Sun Life Financial (U.S.) Services Company, Inc., in an amount reasonably calculated to fully and fairly compensate Plaintiff for the entirety of his damages sustained by reason of Defendant's breach of the policies, plus interest at the maximum rate allowed by law, the costs of this action, and any other relief which this Court deems just and equitable.

## COUNT II – BAD FAITH FAILURE TO PAY INSURANCE BENEFITS

Plaintiff repleads and realleges paragraphs 1-25 as if fully set forth herein.

26. Due to the inherently unequal bargaining power between an insurer and an insured regarding an insurance policy/contract of adhesion, a special relationship existed, at all times material, between Plaintiff and Defendant, warranting protection of the rights of Plaintiff by Defendant and giving rise to a duty on the part of Defendant to act in good faith and for the protection of Plaintiff as a beneficiary to its contracts.

27. This duty of good faith requires Defendant to honor the beneficiary insurance claims in the absence of a reasonable basis for denying those claims.

28. Upon information and belief, Defendant breached its duty to Plaintiff by denying his beneficiary claim without a reasonable basis in that the claim was not fairly debatable.

29. Upon information and belief, Defendant knew that its denial of Plaintiff's claim was without a reasonable basis.

30. The duty of good faith further requires Defendant to promptly and properly investigate Plaintiff's claims and to subject the findings of that investigation to a reasonable evaluation and review.

31. Upon information and belief, Defendant breached its duty of good faith by failing to conduct a proper investigation and by failing to subject the findings of its investigation to a reasonable evaluation and review.

32. Upon information and belief, Defendant's breach of its duty of good faith was a proximate cause of damage to Plaintiff.

33. Upon information and belief, as a result of the breach of Defendant's duty of good faith, Plaintiff has been unable to obtain beneficiary insurance benefits, has been required to institute and participate in litigation in an attempt to compel Defendant to honor its good faith obligations, and has been denied justice and compelled to incur legal fees and expenses in attempting to obtain the insurance coverage to which he is entitled.

34. Upon information and belief, the conduct of Defendant in breaching its duty of good faith was illegal, in violation of Iowa Code § 507B.4(3)(a)(1) and (3)(j)(1-4).

35. Upon information and belief, the conduct of Defendant in breaching its duty of good faith was malicious, fraudulent, grossly negligent, and illegal, entitling Plaintiff to punitive or exemplary damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in their favor and against the Defendant, Sun Life Financial (U.S.) Services Company, Inc., in an amount reasonably calculated to fully compensate for Plaintiff's damages, and for exemplary damages as provided by law, together with interest at the maximum legal rate allowed by law, the costs of this action, and any other relief which this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable in this matter.

WHEREFORE, Plaintiff seeks compensatory damages in the contractual amount of $50,000. FURTHER, Plaintiff seeks punitive damages in an amount to be reasonably determined by the jury.

*Respectfully submitted,*

/s/ John C. Wagner
**JOHN C. WAGNER     AT0008238**
JOHN C. WAGNER LAW OFFICES, P.C.
600 39TH AVENUE
AMANA, IOWA 52203
TELEPHONE: (319) 622-3357
FACSIMILE: (319) 622-3404
EMAIL: john@jcwagnerlaw.com

ATTORNEY FOR PLAINTIFF